IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                          8:12-CR-347

vs.

                                                   TENTATIVE FINDINGS

DYLAN D. PITTMAN,

                    Defendant.

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for variance (filing 41).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)      in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no objections that require resolution at sentencing. The defendant has filed a motion for variance (filing 41),[1] asking the Court to vary downwards on two grounds. The first is that the Court should reject application of the firearms or ammunition guideline, U.S.S.G. § 2K2.1, pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007). The defendant contends that § 2K2.1 "has been repeatedly amended without reliance on empirical data and the review process characteristic of the sentencing commission's institutional role" and that "[a]s a result, when this guideline is applied to the facts of this case, the court should exercise its discretion to reject, after due consideration, the resulting advisory sentencing range." Filing 41 at 1.

The Court acknowledges its discretionary authority to substantially vary from a correctly calculated guidelines range, based exclusively upon the Court's policy disagreement with a particular guideline, if the guideline at issue is not the product of the Sentencing Commission's institutional strengths. *United States v. VandeBrake*, 679 F.3d 1030, 1042-43 (8th Cir. 2012) (citing *Kimbrough*, 553 U.S. at 109). But the Court is not required to do so, *see United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009), and it is not persuaded to do so here. The Court has reviewed § 2K2.1 and the amendments relied upon by the defendant, and concludes that § 2K2.1 is an appropriate product of the Sentencing Commission's characteristic institutional role. *See United*

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

*States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009)[2]; *see also United States v. Malloy*, 369 Fed. Appx. 697, 701 (6th Cir. 2010). The Court's tentative finding, therefore, is that variance from the Guidelines is not warranted on this basis.

The defendant also argues that variance is appropriate based on the history and characteristics of this defendant. Filing 43 at 6-10. The Court will address that argument at sentencing.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

---

[2] As the Eighth Circuit noted in *Barron*, semiautomatic weapons are likely more dangerous than other kinds of weapons, and the "Commission evidently believed that a convicted felon with a semiautomatic firearm was more dangerous if he had ready access to a large-capacity magazine than if he did not . . . ." 557 F.3d at 871. While the defendant takes issue with the history of § 2K2.1, he has not explained why that judgment was unreasonable. See *Barron*, 557 F.3d at 871 n.2.

Dated this 10th day of May, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge